ON REHEARING
PER CURIAM.
We granted rehearing in this matter to consider the claims of Mitchell Rodriguez which we failed to discuss in our recent opinion on remand from the Supreme Court. We consider his claims giving no weight to the findings of the jury.
First, he claims damages for the mental anguish he sustained because of the injuries to his mother. We deny any damages for this claim. Black v. Carrolton Railroad Company, 10 La.Ann. 33 (1855), and its progeny.
Second, he claims damages for his own personal injuries. The only evidence of injury to Mitchell Rodriguez is his own testimony that he hurt his leg and head as a result of the accident. He testified he had headaches, and pain in his right leg for about two months after the accident. He did not seek, nor did he receive any medical treatment for those alleged injuries, other than take aspirin. Based on this uncontra-dicted testimony, we are of the opinion that Mitchell Rodriguez’s injuries were very slight, and therefore award $500.00.
Third, he claims mental anguish for his own fright and fear of the trauma. Rodriguez repeatedly testified that he was scared and hurting. He was standing near his mother’s car when the second impact occurred. We are of the opinion that he is entitled to $500.00 for his mental anguish while the accident was in progress. See, *127 Hoffman v. All Star Insurance Corp., 288 So.2d 388 (La.App. 4th Cir.1974).
Accordingly we amend our judgment of March 12, 1986 to include an award in favor of Mitchell Rodriguez in the full and true sum of $1,000.00, plus legal interest from judicial demand, and all costs.
AMENDED, AND AS AMENDED AFFIRMED.